UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

DANIEL CORBITT,

Claimant,

v.   409CV115

MICHAEL J. ASTRUE, *Commissioner of Social Security*,

Defendant.

## ORDER

Claimant Daniel Corbitt filed this appeal of the Social Security Commissioner's decision regarding his Social Security disability benefits claim. Doc. # 1. In response, the Commissioner has moved the Court to remand the case to the Appeals Council, so that it may issue an order remanding the case to an Administrative Law Judge ("ALJ"), so that the ALJ can make additional considerations and findings. Doc. # 8.

Following an earlier hearing, the ALJ determined that the Claimant was not disabled within the meaning of the Social Security Act. Doc. # 1 at 1. The Appeals Council denied Claimant's request for review on 5/12/09. *Id.* Claimant thereafter filed the appeal currently before this Court.

Claimant claimed to have been disabled since July 2002. Doc. # 8 at 3. The ALJ, however, found that Claimant could not have been disabled prior to December 2003 because he had been engaged in substantial gainful activity through that month. *Id.* The Commissioner seeks remand based partially on his belief that this determination was inaccurate due to the fact that "the ALJ unfortunately failed to consider whether any or all of [Claimant's earnings after the date he allegedly became disabled] were due to unsuccessful work attempts (and, thus not substantial gainful work activity)." *Id.*

The Commissioner also requests remand for further proceedings regarding the period after December 2006, because the ALJ "failed to address a capacities assessment prepared by a physical therapist in May 2006." *Id.* at 4. Finally, in seeking remand, the Commissioner concedes that because the ALJ "was under the erroneous impression that [P]laintiff had not been forthright with the [Social Security Administration] as to his work activities in 2002-2003," the ALJ's finding as to Claimant's credibility is "deficient" and it should be reassessed. *Id.* at 4-5.

As a result, the Commissioner requests remand to the Appeals Council, so that it may issue an order remanding the case to the ALJ, so that the ALJ can:

> (1) contact Dr. Bishop for his opinion of the claimant's abilities prior to 1-27-07, (2) address the claimant's work activity during 2003-2004, involving the issue of the claimant's credibility, as well as[] the substantial gainful activity versus unsuccessful work attempt issue, (3) assess the claimant's credibility in general, (4) address the functional assessment provided in Exhibit 8F pursuant to SSR 06-3p, (5) reassess the claimant's residual functional capacity in general, and (6) if necessary, obtain supplemental vocational expert evidence.

Doc. # 8-1.

In response, however, Claimant urges that a basic remand with the above-listed instructions is insufficient. Instead, he asks the Court to order a remand either strictly for an award of benefits, or, in the alternative, for a new hearing before a *different* ALJ with specific instructions

dictating that certain inquiries be undertaken during the proceedings upon remand. Doc. # 9 at 1. Thus, the disagreement between the parties concerns not whether remand is necessary, but rather what particular actions should be taken (or instructed) upon remand, in light of the agreed-upon inadequacies.

The Court declines to find that Claimant is entitled to an automatic award of benefits upon remand. In a nutshell, Claimant's argument is based on the premise that he was only ultimately denied benefits because the ALJ deemed his testimony not credible. He points to the testimony of an expert witness who opined at his hearing that a person with Claimant's claimed level of pain would not be able to perform any work in the national economy. *Id.* at 5. Claimant claims that as a result of the Commissioner's concession that the ALJ's basis for discrediting most of Claimant's testimony was improper, Claimant's testimony regarding his level of pain was therefore in fact credible, and, since that testimony was supported by record evidence, the compelled conclusion is that Claimant has been proven himself disabled. *Id.* at 5-9. The Court declines to jump to such an attenuated conclusion, especially in light of the fact that the ALJ likely neglected to fully consider all of the evidence, since the adverse credibility determination rendered some evidence irrelevant. Moreover, the Court is without the benefit of the record or even the hearing transcript, which would be necessary to make an accurate assessment.

Likewise, the Court will not order the Appeals Counsel to assign this case to a new ALJ. *See* 20 C.F.R. § 404.940 (providing as a possible remedy the holding of a new hearing before another ALJ). The ALJ did make a rather significant error; even the Commissioner admits that. However, the Commissioner reports that the record regarding Claimant's prior work history was a bit disorganized, which could have caused the ALJ's mistaken conclusion regarding the facts. Regardless, Claimant has not shown that the ALJ's error was due to anything more than innocent confusion and mischaracterization of the facts and testimony on one issue. For instance, Claimant has not shown that the ALJ exhibited some sort of personal bias against him. His bare-bones claim will not support reassignment to another ALJ.

Thus, the Court is left with the parties' dispute regarding the instructions on remand. The crux of the disagreement concerns whether the Court should *order* certain action and inquiries by the ALJ on remand, or whether merely delineating the Commissioner's perceived errors will suffice.

Without the benefit of the record and a copy of the ALJ's decision, the Court is ill-equipped to determine each and every specific issue that should be addressed on remand, especially since the relevance and necessity of some inquiries depends entirely upon the ALJ's determinations on the issues that will be before him. As a result, the wiser course of action is to allow the ALJ to determine which inquiries are necessary in light of this Order, the Commissioner's concessions listed herein, and the record in this case.

For the foregoing reasons, the Court ***REVERSES*** the Commissioner's decision under sentence four of 42 U.S.C. §405(g) and ***REMANDS*** this case for further proceedings, as specified above.

This day of 2 March 2010.

*[signature]*
B. AVANT EDENFIELD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA