UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

DANIEL M. CORBITT, JR.,

Plaintiff,

v.                    409CV115

MICHAEL J. ASTRUE, Commissioner of Social Security,

Defendant.

## ORDER

In this case, following Plaintiff Daniel Corbitt's appeal of the Social Security Commissioner's decision regarding his Social Security disability benefits claim, the Commissioner requested – and this Court granted – a remand of the case so that an Administrative Law Judge ("ALJ") could make additional considerations and findings that the Commissioner deemed necessary. *See* doc. ## 8, 10. Plaintiff now moves the Court for attorney's fees and costs under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). Doc. # 12.

The EAJA requires the Court to award attorney's fees to any party prevailing in litigation against the United States unless the Court finds that the position of the United States was "substantially justified" or that "special circumstances" make such an award unjust. 28 U.S.C. § 2412(d)(1)(A). The burden is on the Commissioner to demonstrate that his position was substantially justified. *Stratton v. Bowen*, 827 F.2d 1447, 1450 (11th Cir. 1987). It is undisputed that Plaintiff, who obtained a remand after filing his appeal in this Court, is a prevailing party. *See Shalala v. Schaefer*, 509 U.S. 292, 300-01 (1993). The Commissioner, who requested the remand of this case, has not attempted to demonstrate that his position was "substantially justified." *See* doc. # 13.

Here, counsel has requested EAJA attorney's fees in the amount of $ 3,921.10 as well as $350 in costs. Doc. # 12 at 2. This amount represents fees for 22.6 hours of attorney work. *Id.* In 1996, Congress capped the EAJA hourly rate for attorney's fees at $125, but provided for adjustments to that amount in the future based on cost of living increases. 28 U.S.C. § 2412(D)(2)(A). Plaintiff proposes that, using the Consumer Price Index to adjust for inflation, the adjusted hourly rate cap for his work performed in 2009 and 2010 is approximately $173.50. Doc. # 12 at 2. That rate multiplied by the number total number of hours (22.6*173.5) equals a total of $3921.10. When the $350.00 in costs is added, the aggregate sum is $4,271.10.

The Commissioner has responded, stating that he "does not object to the amount of attorney['s] fees and costs in the amount of $4,271.10 ... sought by Plaintiff." Doc. # 13 at 1. Thus, there is no opposition to Plaintiff's entitlement to fees nor any argument regarding the amount of fees requested.

The Court finds that Plaintiff's requested rate of $173.50 per hour is reasonable. Additionally, the Court has reviewed counsel's billing records and concludes that 22.6 hours of attorney work does not seem unreasonable for this case. The Court thus *GRANTS* Plaintiff's motion for attorney's fees and costs under the EAJA. Doc. # 12.

This day of 18 June 2010.

*[signature]*
B. AVANT EDENFIELD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA